SHORT RECORD
23-1010
Filed 01/04/2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATE OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 18 CR 789** |
| | ) | |
| **vs.** | ) | **Hon. Gary Feinerman** |
| | ) | |
| **DENY MITROVICH** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF APPEAL

Notice is hereby given that Deny Mitrovich, defendant in the above-captioned case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final judgment and sentence orally announced in this action on December 19, 2022 and entered on the district court's docket that same day.

Respectfully submitted,

s/ Vadim A. Glozman
*An attorney for Deny Mitrovich*

Vadim A. Glozman
Matthew P. Kralovec
LAW OFFICES OF VADIM A. GLOZMAN
53 W. Jackson Blvd., Suite 1128
Chicago, IL 60604
P: (312) 726-9015

**CERTIFICATE OF SERVICE**

I, Vadim A. Glozman, an attorney for Defendant Deny Mitrovich, hereby certify that on this, the 2nd day of January, 2022, I filed the above-described document on the CM-ECF system of the United States District Court for the Northern District of Illinois, which constitutes service of the same.

Respectfully submitted,

*/s* Vadim A. Glozman

LAW OFFICES OF VADIM A. GLOZMAN
53 W. Jackson Blvd., Suite 1128
Chicago, IL 60604
(312) 726-9015

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATE OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 18 CR 789** |
| | ) | |
| **vs.** | ) | **Hon. Gary Feinerman** |
| | ) | |
| **DENY MITROVICH** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DOCKETING STATEMENT**

Defendant DENY MITROVICH hereby submits this docketing statement pursuant to Seventh Circuit Rules 3(c)(1) and 28(a), as follows:

1. **Jurisdiction of the District Court**: Mr. Mitrovich was charged by way of indictment in this case with one count possessing child pornography. Doc. #1. The District Court had jurisdiction over those charges under 18 U.S.C. § 3231.
2. **Jurisdiction of the Court of Appeals**: The District Court entered a final judgment against Mr. Mitrovich on December 19, 2022. Doc. #152. The Court of Appeals has jurisdiction over his appeal under 28 U.S.C. § 1291 because that judgment disposed of all claims against him and jurisdiction under 18 U.S.C. § 3742(a) which permits defendants to appeal certain sentencing decisions.
3. Mr. Mitrovich filed his notice of appeal on January 2, 2022, within the 14 days permitted for the filing of appeals in criminal cases under Fed. R. App. P. 4(b)(1)(A)(i).

Respectfully submitted,

s/ Vadim A. Glozman
*An attorney for Deny Mitrovich*
Vadim A. Glozman
Matthew P. Kralovec
LAW OFFICES OF VADIM A. GLOZMAN
53 W. Jackson Blvd., Suite 1128
Chicago, IL 60604
P: (312) 726-9015

**CERTIFICATE OF SERVICE**

I, Vadim A. Glozman, an attorney for Defendant Thomas Barfield, hereby certify that on this, the 2nd day of January, 2022, I filed the above-described document on the CM-ECF system of the United States District Court for the Northern District of Illinois, which constitutes service of the same.

Respectfully submitted,

*/s* Vadim A. Glozman

LAW OFFICES OF VADIM A. GLOZMAN
53 W. Jackson Blvd., Suite 1128
Chicago, IL 60604
(312) 726-9015

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | 18 CR 789 |
| vs. | ) | Judge Gary Feinerman |
| DENY MITROVICH, Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

A grand jury charged Deny Mitrovich with knowingly possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Doc. 1. After denying Mitrovich's motion to dismiss due to the Government's alleged delay in obtaining an indictment, Doc. 32 (reported at 2019 WL 1773358 (N.D. Ill. Apr. 23, 2019)), the court granted Mitrovich's motion to compel the Government to respond to two interrogatories, Docs. 72-73 (reported at 458 F. Supp. 3d 961 (N.D. Ill. 2020)). Dissatisfied with the Government's efforts to comply with that order, Mitrovich moves the court to impose a discovery sanction, either in the form of the suppression of evidence or outright dismissal of the charges. Doc. 92 at 2. Mitrovich also argues that the Government's failure to produce the evidence in question denies him his due process right to put on a defense and violates the Government's duties under *Brady v. Maryland*, 373 U.S. 83 (1963). Doc. 92 at 15-26. The motion is denied.

**Background**

The relevant background is detailed in the opinion granting Mitrovich's motion to compel. 458 F. Supp. 3d at 963-64. In short, law enforcement authorities in Australia and New Zealand clandestinely took control of a website called "The Love Zone," which was known to

host child pornography.  *Id*. at 963.  The website was accessible only through the anonymizing web browser Tor, which hindered efforts to trace users' IP addresses.  *Ibid*.  The Oceanian authorities developed a workaround, though: they posted to the site a URL that linked to a child pornography video, but clicking the URL would start the download *outside* the Tor browser, allowing the user's IP address to be discovered.  *Ibid*.  Mitrovich clicked on the URL, revealing his true IP address.  *Ibid*.  Because the IP address was associated with an internet connection in the United States, the Oceanian authorities shared it with authorities in this country, who traced it to Mitrovich's residential address.  *Ibid*.  Federal law enforcement officers then obtained a warrant, searched Mitrovich's residence, and uncovered child pornography on his electronic devices.  *Ibid*.

Mitrovich sought Criminal Rule 16 discovery from the Government concerning the technique used by the Oceanian authorities to uncover his IP address.  *Id*. at 964.  According to Mitrovich, that discovery would allow him to develop an argument that the technique constituted a Fourth Amendment search—one occurring without a warrant—and thus that all evidence attributable to the revealing of his IP address must be suppressed.  *See ibid*.  The Government objected to Mitrovich's discovery request as immaterial, so he moved to compel.  *Ibid*.  The key issue was whether Rule 16(a)(1)(E) required disclosure of the details of the unmasking technique.  *Ibid*.; *see* Fed. R. Crim. P. 16(a)(1)(E)(i) (requiring the Government to produce evidence "within [its] possession, custody, or control" that "is material to preparing the defense").

Mitrovich's motion to compel turned on two questions.  The first was "whether the investigative tools used to identify his IP address potentially effected a search within the meaning of the Fourth Amendment."  458 F. Supp. 3d at 964-65.  The second was whether the

first question mattered for purposes of the exclusionary rule—that is, whether the Oceanian authorities' conduct could be attributable to federal authorities in the United States, and thus be subject to the Fourth Amendment's exclusionary rule, under the "joint venture" doctrine. *Ibid*.; *see id*. at 965 ("'Evidence obtained in a search of an American citizen by foreign authorities operating within their own country is generally admissible in the courts of the United States even if the search does not otherwise comply with ... the Fourth Amendment.' Under the joint venture doctrine, however, 'if U.S. agents substantially participate in an extraterritorial search of a U.S. citizen and the foreign officials were essentially acting as agents for their American counterparts or the search amounted to a joint operation between American and foreign authorities, the Fourth Amendment generally applies.'") (alteration in original) (citation omitted) (quoting *United States v. Stokes*, 726 F.3d 880, 890-91 (7th Cir. 2013)). As this court observed: "If the answer to either question is no, then any Fourth Amendment motion to suppress would be dead in the water, meaning that the discovery Mitrovich seeks would not be material, which in turn means that his motion must be denied. If the answer to both questions is yes, then the discovery is material and Mitrovich's motion must be granted." *Id*. at 965.

The court sided with Mitrovich, at least to the extent necessary to grant his motion. First, the court held that he "ha[d] made 'at least a *prima facie* showing' that the joint venture doctrine applies," such that it could not reject outright the possibility that the exclusionary rule would require suppression of evidence obtained in a manner that violated the Fourth Amendment. *Id*. at 965-66 (quoting *United States v. Thompson*, 944 F.2d 1331, 1341 (7th Cir. 1991)). Second, the court held that Mitrovich "ha[d] made 'at least a *prima facie* showing' that malware was used to obtain his IP address" and that such use could qualify as a Fourth Amendment search. *Id*. at 967 (quoting *Thompson*, 944 F.2d at 1341). Given those showings, the court concluded that

Mitrovich's discovery requests were material to a potential Fourth Amendment suppression motion. It therefore ordered the Government to "produce discovery responsive to [the challenged interrogatories], subject to any targeted objections to the production of specific material." *Ibid*. The court concluded by noting the narrowness of its order: "By this ruling, the court holds only that Mitrovich has made a *prima facie* showing that the discovery is material to a Fourth Amendment motion to suppress that he might file; this ruling does not speak to the ultimate merits of any such motion." *Ibid*.

Long before Mitrovich's motion to compel, federal authorities sought to learn the technical details of the unmasking technique used by the Oceanian authorities. Doc. 96 at 8-13. But the information the federal authorities received was not of much use. In 2014, New Zealander authorities provided an "'overview'" of the technique but declined to "'disclose the specific methodologies used.'" *Id*. at 11-12 (quoting emails from New Zealand law enforcement). Those authorities rebuffed attempts by federal authorities to follow up and learn more details. *Id*. at 12-13.

After the court's ruling, the Government renewed its efforts to obtain the pertinent software and/or source code from the Oceanian authorities. *Id*. at 13 n.6. Those efforts, too, were largely unsuccessful. While the Government obtained some vagaries about the technique from a former New Zealand law enforcement official, it was unable to obtain the details it sought, as New Zealander law barred him from disclosing those details. *Id*. at 13 & nn.5-6. So, while the Government has turned over everything in its possession relating to the technical details of how the Oceanian authorities identified Mitrovich's IP address, Doc. 92 at 3-6; Doc. 96 at 13, it has been unable to obtain the software and/or source code that would reveal precisely *how* the URL caused users' IP addresses to become unmasked, Doc. 96 at 13.

## Discussion

Mitrovich views the Government's failure to turn over the requested software or source code as a violation of the court's ruling on his motion to compel, and therefore moves for discovery sanctions. *Id*. at 1, 8-15. Specifically, he asks that the court suppress all evidence that was obtained as a result of Mitrovich clicking on the URL or, in the alternative, dismiss the charges outright. *Id*. at 1, 9, 26-27. In addition, Mitrovich contends that the Government's failure to turn over the software or source code implicates his constitutional rights—either as a violation of his due process right to put on a defense, or of the Government's obligations under *Brady*. *Id*. at 15-26. The Government submits that it has satisfied its obligations under Rule 16, the court's discovery order, and the Constitution by turning over everything that it has and by making good faith (albeit unsuccessful) efforts to obtain more. Doc. 96.

### I. Criminal Rule 16 and the Court's Discovery Order

Mitrovich first argues that sanctions are warranted because the Government, by failing to produce the software or source code used by the Oceanian authorities to reveal his IP address, flouted the court's order granting his motion to compel. Doc. 92 at 6-15. In so arguing, Mitrovich misunderstands the court's order.

To reiterate: The dispute giving rise to Mitrovich's motion to compel centered on two interrogatories Mitrovich served on the Government, each concerning the technique used by the Oceanian authorities to unmask his IP address. 458 F. Supp. 3d at 964. The Government objected, arguing that the discovery was not material to any Fourth Amendment challenge he might raise, either because the use of the Tor-evading URL did not constitute a Fourth Amendment search or because, even if it did, the resulting Fourth Amendment violation was committed by foreign authorities and thus could not be the basis for suppressing evidence. *Ibid*. The court rejected those arguments, holding that in order to obtain discovery, Mitrovich needed

only to make *prima facie* showings that there was a Fourth Amendment search and that federal law enforcement authorities' involvement in the Oceanian authorities' investigation was sufficient to implicate the exclusionary rule, and that he had made those showings. *Id*. at 965-67. In other words, the court held that the requested discovery *was* material within the meaning of Rule 16, and thus that the Government was obligated to substantively respond to the two interrogatories.

That was as far as the court went. The court did not, as Mitrovich suggests, order the Government to turn over any specific materials. *Id*. at 967 ("The Government shall produce discovery responsive to [the two] Requests … , *subject to any targeted objections to the production of specific material*.") (emphasis added). And had Mitrovich asked for such an order at the time, the court would have clarified then—as it clearly states now—that the Government has no obligation to turn over materials that it does not have and cannot obtain through good faith, diligent efforts. *See* Fed. R. Crim. P. 16 advisory committee's note to 1966 amendment ("[T]he government's obligation is limited to production of items within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government."). As the Rule itself puts it, the Government's discovery obligation is to turn over materials that are "within [its] possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E); *see United States v. Lee*, 723 F.3d 134, 141 (2d Cir. 2013) (explaining that the defendant was not entitled to the documents he sought "because these materials were not … within the 'government's possession, custody, or control'") (quoting Fed. R. Crim. P. 16(a)(1)(E)); *United States v. Dillow*, 980 F. Supp. 2d 879, 881-82 (N.D. Ohio 2013) ("[D]oes the 'government' have 'custody' in the Rule 16 sense of items apparently possessed only by a [different] law enforcement agency? … [T]he weight of authority

… indicates the answer to that question is ‘No.’”) (citing *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998); *United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997); and *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1375 (9th Cir. 1987)). It follows that where the Government does not possess the requested materials but has tried diligently (though unsuccessfully) to obtain them, it has not violated Rule 16.

Mitrovich does not dispute that the Government has made efforts to learn additional details about the technique used by the Oceanian authorities to uncover his IP address, or that the Government has turned over everything it knows about that technique. Indeed, Mitrovich himself concedes that “[t]h[e] uncertain[t]y about the functionality of the hyperlink is shared by the government and FBI,” and that the Government has made efforts “to obtain more detailed information about the [Tor-evading] technique” from New Zealander law enforcement and from the former New Zealander official. Doc. 92 at 5 (quoting *id*. at 71). As far as the Government’s Rule 16 discovery obligations go, there is nothing left to be done. The Government must turn over what it possesses, but it cannot be faulted under Rule 16 for not turning over materials that it tried but was unable to obtain.

The court understands that, without the software or source code in hand, Mitrovich may find it difficult to mount a compelling Fourth Amendment suppression motion. But that is not the Government’s fault, and there is thus no legitimate basis for the Rule 16 discovery sanctions he seeks.

## II. Due Process Right to Mount a Defense and *Brady*

The analysis differs somewhat when it comes to Mitrovich’s constitutional arguments. Mitrovich does not claim a due process right (beyond what Rule 16 provides) to obtain evidence that would assist him in pressing a Fourth Amendment motion to suppress, nor does he argue that the Government’s *Brady* duties extend to material relevant only to a Fourth Amendment

claim.  Rather, Mitrovich's due process arguments relate to his ability to defend against the charges on the merits.  *Id*. at 13-15.  And Mitrovich's theory of why the software and source code are relevant to the merits appears to be this: He would admit at trial to clicking the URL, and would argue that doing so rendered his computer vulnerable to external attacks that caused child pornography to appear on his computer even though he never downloaded or knew about that material.  *Id*. at 13-14 & nn.6-7.

Mitrovich first contends that without the source code, he is deprived of the opportunity to put on this defense, thereby rendering his prosecution fundamentally unfair, in violation of due process.  Doc. 92 at 17-18; *see Fieldman v. Brannon*, 969 F.3d 792, 800 (7th Cir. 2020) (discussing a defendant's due process "right to a 'meaningful opportunity to present a complete defense'") (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)).  That claim fails, even assuming those materials might provide some realistic avenue toward acquittal.

True enough, a criminal defendant has the right (whether grounded in the Fifth or Sixth Amendment) to put on a defense.  *See Crane*, 476 U.S. at 690.  But that does not mean that a constitutional violation occurs every time the Government prosecutes a defendant who is unable to obtain potentially exculpatory evidence.  Sometimes, through nobody's fault, evidence is simply unavailable—for example, the defendant's lone alibi witness may die before giving a statement, or a video recording of the alleged crime may be accidentally deleted.  As Mitrovich concedes, the unavailability of the evidence he seeks is not the Government's fault, as the Oceanian authorities are simply unwilling to share it.  There is thus no Government-imposed obstacle to Mitrovich's ability to put on a defense, and therefore no violation of his due process right to put on a defense.  Mitrovich's argument is thus a mismatch for the due process right to put on a defense, and sounds more in the register of a *Brady* claim.  It is the *Brady* right, also

sounding in due process, that provides that when the Government possesses exculpatory material, it must turn that material over to the defendant.  *See United States v. Roberts*, 534 F.3d 560, 572 (7th Cir. 2008) ("Under *Brady*, the Government has the obligation to disclose any evidence in its possession that is both material and favorable to a defendant.").

Mitrovich's *Brady* argument, though, fails as well.  Mitrovich has much to say about the importance of a prosecutor complying with her *Brady* obligations and how fundamental *Brady* is to a fair system of criminal justice.  Doc. 92 at 18-20, 25-26.  Those points are valid as far as they go, but Mitrovich overlooks the fact that a *Brady* duty arises only when the Government has in its possession "favorable" evidence, in the sense of being "either exculpatory or impeaching," that is "material to the defense."  *United States v. King*, 910 F.3d 320, 326 (7th Cir. 2018) (Barrett, J.) (internal quotation marks omitted).  It is the defendant's burden to offer more than mere speculation that the undisclosed evidence in question is exculpatory and material.  *See United States v. Morris*, 957 F.2d 1391, 1403 (7th Cir. 1992) ("Mere speculation that a government file may contain *Brady* material is not sufficient … .  A due process standard which is satisfied by mere speculation would convert *Brady* into a discovery device and impose an undue burden upon the district court.") (quoting *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984)).

A logically anterior question is whether, for *Brady* purposes, the United States possesses the source code Mitrovich seeks.  That question is more complicated than it appears, for the answer may turn on the extent to which the investigation that led to Mitrovich's arrest was a joint one between federal and Oceanian authorities.  *See United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996) (explaining that the Government's *Brady* duty to produce exculpatory evidence extends to "information possessed by other government agencies that have … involvement in the

investigation or prosecution at issue").  The parties seem to agree that the court would need an evidentiary hearing to make a finding on that front.  Doc. 96 at 2; Doc. 97 at 14.  For purposes of evaluating Mitrovich's *Brady* claim, then, the court assumes without deciding that the United States constructively possesses the source code he seeks.

Mitrovich's *Brady* argument still fails because he cannot offer anything more than speculation that the evidence in question is exculpatory.  Mitrovich offers some technical authority suggesting that it is *possible* that when a person's computer is infected with malware, other people may be able to store contraband on the computer's drives without the owner's knowledge.  Doc. 92 at 14 nn.6-7.  Yet he offers nothing even remotely suggesting that this might have happened here.  Of course, the overview provided by the Oceanian authorities of its investigative techniques may be too vague to allow anyone—either the Government or Mitrovich's expert—to understand every detail of how the URL worked.  But that does not relieve Mitrovich of his burden to show that the evidence he seeks is exculpatory.

Mitrovich's *Brady* argument also falters on the materiality prong.  *Brady* requires the prosecution to turn over evidence only if it is "material," meaning only if "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different."  *United States v. Ballard*, 885 F.3d 500, 504 (7th Cir. 2018) (quoting *Turner v. United States*, 137 S. Ct. 1885, 1893 (2017)).  By its terms, the materiality analysis assumes a post-"proceeding" vantage point, so it can be difficult for a defendant to demonstrate from an *ex ante* lens that a particular piece of evidence is material.  *See United States v. Heine*, 314 F.R.D. 498, 503-04 (D. Or. 2016) (discussing the difficulty of conducting a *Brady* materiality analysis before trial); *United States v. Acosta*, 357 F. Supp. 3d 1228, 1233 (D. Nev. 2005) (noting that under the "cumulative 'materiality' standard" of *United States v. Bagley*, 473 U.S.

667 (1985), "it becomes extremely difficult if not impossible to discern before trial what combination of evidence will be deemed 'material' after trial under *Brady*"); *see also United States v. Pesaturo*, 519 F. Supp. 2d 177, 189 n.7 (D. Mass. 2007) ("Trial courts considering materiality under *Brady* have identified a difficulty applying [the materiality standard], crafted in the post-trial appellate context, to the pretrial discovery setting."). The difficulty faced by Mitrovich is significantly exacerbated by the fancifulness of his proposed defense theory. It is hard to see how the evidence Mitrovich seeks could have any effect on a jury. So, to find materiality, the court would need to carefully evaluate the theory in light of all the evidence presented by the Government to support Mitrovich's guilt.

The court cannot do that before trial. At this juncture, then, the court must turn away Mitrovich's *Brady* claim, though he will of course be allowed to reassert it later in the case, assuming he can then also make a showing that the evidence is exculpatory. In so holding, the court does not suggest that a defendant can *never* lodge a successful *Brady* claim before trial, but only that it will generally be more difficult before trial for the defendant to show materiality, and that Mitrovich has failed to do so here. The court acknowledges and expresses its disagreement with *United States v. Safavian*, 233 F.R.D. 12, 16-17 (D.D.C. 2005), which suggests that a court can ignore materiality when a defendant presses a *Brady* claim before trial.

**Conclusion**

Mitrovich's motion for discovery sanctions is denied.

July 7, 2021

United States District Judge

# UNITED STATES DISTRICT COURT

Northern District of Illinois

UNITED STATES OF AMERICA
**v.**
DENY MITROVICH

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:18-CR-00789(1)

USM Number: 53681-424

Vadim A. Glozman
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) Count One (1) of the Indictment.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:2252A.F Activities Re Material Constituting/Containing Child Porno | 05/20/2015 | 1 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

December 19, 2022
Date of Imposition of Judgment

Signature of Judge

Gary Feinerman, United States District Judge
Name and Title of Judge

December 19, 2022
Date

Case: 23-1010 Document: 1-1 Filed: 01/04/2023 Pages: 47

DEFENDANT: DENY MITROVICH
CASE NUMBER: 1:18-CR-00789(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Eighty-Four (84) Months as to Count One (1) of the Indictment.

☒ The court makes the following recommendations to the Bureau of Prisons: That the Defendant be designated to a facility as close as possible to Chicago, Illinois, and that he be allowed to participate in a Residential Drug and Alcohol Treatment Program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at on
- ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☒ before 2:00 pm on 1/17/2023.
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: ______________________________________________________________

______________________________________________________________

______________________________________________________________

Defendant delivered on ___________ to ________________________ at_____________________________, with a certified copy of this judgment.

______________________________________
UNITED STATES MARSHAL

By ______________________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DENY MITROVICH
CASE NUMBER: 1:18-CR-00789(1)

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
Five (5) years as to Count One (1) of the Indictment.

The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**

☒ (1) you shall not commit another Federal, State, or local crime.

☒ (2) you shall not unlawfully possess a controlled substance.

☐ (3) you shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, if an approved program is readily available within a 50-mile radius of your legal residence. [Use for a first conviction of a domestic violence crime, as defined in **§ 3561(b)**.]

☒ (4) you shall register and comply with all requirements of the Sex Offender Registration and Notification Act (**42 U.S.C. § 16913**).

☒ (5) you shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

☒ (6) you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions —** The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**

☒ (1) you shall provide financial support to any dependents if you are financially able to do so.

☐ (2) you shall make restitution to a victim of the offense under **§ 3556** (but not subject to the limitation of **§ 3663(a)** or **§ 3663A(c)(1)(A)**).

☐ (3) you shall give to the victims of the offense notice pursuant to the provisions of **§ 3555**, as follows:

☒ (4) you shall seek, and work conscientiously at, lawful employment or, if you are not gainfully employed, you shall pursue conscientiously a course of study or vocational training that will equip you for employment.

☐ (5) you shall refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s)) .

☒ (6) you shall not knowingly meet or communicate with any person whom you know to be engaged, or planning to be engaged, in criminal activity and shall not:
- ☐ visit the following type of places: .
- ☐ knowingly meet or communicate with the following persons: .

☒ (7) you shall refrain from ☒ any or ☐ excessive use of alcohol (defined as ☐ having a blood alcohol concentration greater than 0.08; or ☐ ), and from any use of a narcotic drug or other controlled substance, as defined in **§ 102** of the Controlled Substances Act (**21 U.S.C. § 802**), without a prescription by a licensed medical practitioner.

☒ (8) you shall not possess a firearm, destructive device, or other dangerous weapon.

☐ (9)
- ☐ you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.
- ☐ you shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.
- ☐ you shall participate, at the direction of a probation officer, in medical care; (if checked yes, please specify:

DEFENDANT: DENY MITROVICH
CASE NUMBER: 1:18-CR-00789(1)

.)

☐ (10) (intermittent confinement): you shall remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling [no more than the lesser of one year or the term of imprisonment authorized for the offense], during the first year of the term of supervised release (provided, however, that a condition set forth in **§3563(b)(10)** shall be imposed only for a violation of a condition of supervised release in accordance with **§ 3583(e)(2)** and only when facilities are available) for the following period .

☐ (11) (community confinement): you shall reside at, or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release, for a period of months.

☐ (12) you shall work in community service for hours as directed by a probation officer.

☐ (13) you shall reside in the following place or area: , or refrain from residing in a specified place or area: .

☒ (14) you shall not knowingly leave from the federal judicial district where you are being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

☒ (15) you shall report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment. You shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer.

☒ (16) ☒ you shall permit a probation officer to visit you ☒ at any reasonable time or ☐ as specified: ,
☒ at home ☒ at work ☒ at school ☒ at a community service location
☒ other reasonable location specified by a probation officer
☒ you shall permit confiscation of any contraband observed in plain view of the probation officer.

☒ (17) you shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. You shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

☒ (18) you shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

☐ (19) (home confinement)

☐ (a)(i) (home incarceration) for a period of __ months, you are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.

☐ (a)(ii) (home detention) for a period of __ months, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer.

☐ (a)(iii) (curfew) for a period of __ months, you are restricted to your residence every day.

☐ from the times directed by the probation officer; or ☐ from __ to __.

☐ (b) your compliance with this condition, as well as other court-imposed conditions of supervision, shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and you shall abide by all technology requirements.

☐ (c) you shall pay all or part of the cost of the location monitoring, at the daily contractual rate, if you are financially able to do so.

☐ (20) you shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living.

☐ (21) (deportation): you shall be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not remain in or enter the United States without obtaining, in advance, the express written consent of the United States Attorney General or the United States Secretary of the Department of Homeland Security.

☒ (22) you shall satisfy such other special conditions as ordered below.

☒ (23) You shall submit your person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: DENY MITROVICH
CASE NUMBER: 1:18-CR-00789(1)

☐ (24) Other:

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified by checkmarks below:

**During the term of supervised release:**

☐ (1) if you have not obtained a high school diploma or equivalent, you shall participate in a General Educational Development (GED) preparation course and seek to obtain a GED within the first year of supervision.

☐ (2) you shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.

☐ (3) you shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least hours of community service per week at the direction of the probation office until gainfully employed. The total amount of community service required over your term of service shall not exceed hours.

☐ (4) you shall not maintain employment where you have access to other individual's personal information, including, but not limited to, Social Security numbers and credit card numbers (or money) unless approved by a probation officer.

☒ (5) you shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.

☒ (6) you shall provide a probation officer with access to any requested financial information requested by the probation officer to monitor compliance with conditions of supervised release.

☒ (7) within 72 hours of any significant change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments, you must notify the probation officer of the change.

☒ (8) you shall file accurate income tax returns and pay all taxes, interest, and penalties as required by law.

☒ (9) you shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. You shall comply with all recommended treatment which may include psychological and physiological testing. You shall maintain use of all prescribed medications.

☒ You shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. You shall consent to the installation of computer monitoring software on all identified computers to which you have access and to which the probation officer has legitimate access by right or consent. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. You shall not remove, tamper with, reverse engineer, or in any way circumvent the software.

☒ The cost of the monitoring shall be paid by you at the monthly contractual rate, if you are financially able, subject to satisfaction of other financial obligations imposed by this judgment.

☒ You shall not possess or use at any location (including your place of employment), any computer, external storage device, or any device with access to the Internet or any online computer service without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system

☒ You shall not possess any device that could be used for covert photography without the prior approval of a probation officer.

☒ You shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to **18 U.S.C. § 3583(e)(2),** regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider.

☒ You shall not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, and you shall not knowingly visit locations where persons under the age of 18 regularly congregate, including parks, schools, school bus stops, playgrounds, and childcare facilities. This condition does not apply to contact in the course of normal commercial business or unintentional incidental contact

☐ This condition does not apply to your family members: [Names]

DEFENDANT: DENY MITROVICH
CASE NUMBER: 1:18-CR-00789(1)

☒ Your employment shall be restricted to the judicial district and division where you reside or are supervised, unless approval is granted by a probation officer. Prior to accepting any form of employment, you shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community you will pose if employed in a particular capacity. You shall not participate in any volunteer activity that may cause you to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider.

☒ You shall provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and any other financial information requested.

☒ You shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order.

☒ (10) you shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

☒ (11) you shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court.

☐ (12) you shall pay to the Clerk of the Court $ as repayment to the United States of government funds you received during the investigation of this offense. (The Clerk of the Court shall remit the funds to (list both Agency and Address.)

☐ (13) if the probation officer determines that you pose a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that instruction. Such notification could include advising the person about your record of arrests and convictions and substance use. The probation officer may contact the person and confirm that you have told the person about the risk.

☐ (14) You shall observe one Reentry Court session, as instructed by your probation officer.

☐ (15) Other:

DEFENDANT: DENY MITROVICH
CASE NUMBER: 1:18-CR-00789(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $67,500.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* *(AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

Restitution of $67,500.00 to:

"ANGELA" Lenahan Law, PLLC
$3,000.00

"FIONA" Marsh Law Firm PLLC
$3,000.00

"JANE" Marsh Law Firm PLLC
$6,000.00

"JENNY" Marsh Law Firm PLLC
$3,000.00

"MAUREEN" Deborah A. Blanco, P.S.
$5,000.00

"PIA" Deborah A. Blanco, P.S.
$10,000.00

CAROL L. HEPBURN IN TRUST FOR LILY
$10,000.00

CAROL L. HEPBURN IN TRUST FOR SIERRA
$3,000.00

CAROL L. HEPBURN IN TRUST FOR VIOLET
$11,500.00

SHERRI JACKSON – Tara Series
$10,000.00

UTAH CRIME VICTIMS LEGAL CLINIC IN TRUST FOR ANNA
$3,000.00

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

DEFENDANT:  DENY MITROVICH
CASE NUMBER:  1:18-CR-00789(1)

☐          the interest requirement is waived for the          .

☐          the interest requirement for the          is modified as follows:

☐     The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DENY MITROVICH
CASE NUMBER: 1:18-CR-00789(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $100.00 due immediately.

☐ balance due not later than , or

☒ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal (*e.g. weekly, monthly, quarterly)* installments of $ over a period of *(e.g., months or years)*, to commence *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal (*e.g. weekly, monthly, quarterly)* installments of $ over a period of *(e.g., months or years)*, to commence *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties: you shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: See forfeiture order attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 789 |
| v. | ) | |
| | ) | Judge Gary S. Feinerman |
| DENY MITROVICH | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

The United States asks this Court to issue a preliminary order of forfeiture pursuant to Title 18, United States Code, Section 2253 and Federal Rules of Criminal Procedure 32.2.

(a) On November 20, 2018, an indictment was returned charging DENY MITROVICH with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The indictment sought forfeiture to the United States of property that was used, or intended to be used, to commit and to promote the commission of the charged offense.

(b) On March 3, 2022, defendant DENY MITROVICH entered a voluntary plea of guilty to the indictment.

(c) Pursuant to the terms of the plea agreement and as a result of his violation of 18 U.S.C. § 2252A(a)(5)(B), defendant DENY MITROVICH agreed that certain property, including but not limited to: (1) one Western Digital External Hard Drive, bearing serial number WCARW6062159, (2) one Hitachi Internal Hard Drive, bearing serial number HN07304A, and (3) one Western Digital Internal Hard Drive, bearing serial number WCASY1307751, is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 2253.

(d) Defendant DENY MITROVICH has agreed to the entry of a preliminary order of forfeiture relinquishing any right, title or interest he has in the foregoing property pursuant to 18 U.S.C. § 2253, for disposition according to law.

(e)     The United States requests that this Court enter a preliminary order of forfeiture against defendant DENY MITROVICH as to: (1) one Western Digital External Hard Drive, bearing serial number WCARW6062159, (2) one Hitachi Internal Hard Drive, bearing serial number HN07304A, and (3) one Western Digital Internal Hard Drive, bearing serial number WCASY1307751, because the property was used, or intended to be used, to commit and to promote the commission of the offense of conviction.

(f)     Accordingly, this Court orders that a preliminary order of forfeiture be entered against defendant DENY MITROVICH as to the foregoing property.   Pursuant to 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2, all right, title, and interest of the defendant in the foregoing property named in this order shall be forfeited to the United States for disposition according to law.

(g)     Pursuant to 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture shall be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in the case.   In accordance with Rule 32.2(b)(4)(A), at sentencing-or at any time before sentencing if the defendant consents-the preliminary order of forfeiture, will become final as to the defendant.   Pursuant to Rule 32.2(c), if a third party files a petition asserting an interest in the property to be forfeited, this Court must hold a hearing to determine his rights.   Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 2253(b), third parties have 30 days from the publication of notice or receipt of notice, whichever is earlier, to file a petition.   The preliminary order of forfeiture will remain preliminary as to third parties until such an ancillary proceeding, if required, can be conducted under Rule 32.2(c).   After disposition of all third party interests, this Court shall, upon the

government's motion if appropriate, enter a final order of forfeiture for the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America.

(h) Pursuant to 21 U.S.C. § 853(g), as incorporated by 18 U.S.C. § 2253(b), and Fed. R. Crim. P. 32.2, upon entry of this preliminary order of forfeiture the foregoing property shall be seized by the Federal Bureau of Investigation.

(i) This Court shall retain jurisdiction to take such additional action and enter such further orders as may be necessary to implement and enforce this preliminary forfeiture order.

GARY S. FEINERMAN
United States District Judge

DATED: 12/19/2022

APPEAL,PROTO,TERMED,WEISMAN

**United States District Court**
**Northern District of Illinois - CM/ECF NextGen 1.6.3 (Chicago)**
**CRIMINAL DOCKET FOR CASE #: 1:18-cr-00789 All Defendants**

Case title: USA v. Mitrovich

Date Filed: 11/20/2018

Date Terminated: 12/19/2022

---

Assigned to: Honorable Gary Feinerman

**Defendant (1)**

**Deny Mitrovich**
*TERMINATED: 12/19/2022*

represented by

**Barry Michael Lewis**
500 North Michigan Avenue
Suite 600
Chicago, IL 60611
(312) 372-2221
Email: blewislaw@att.net
*TERMINATED: 08/01/2019*
*LEAD ATTORNEY*
*Designation: Retained*

**Vadim A. Glozman**
Law Offices of Vadim A. Glozman
53 W. Jackson Blvd.
Suite 1128
Chicago, IL 60604
312-726-9015
Email: vg@glozmanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO<br>(1) | The defendant pleaded guilty to count(s) Count One (1) of the Indictment. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Eighty-Four (84) Months as to Count One (1) of the Indictment. Upon release from imprisonment, the defendant shall be on supervised release for a term of: Five (5) years as to Count One (1) of the Indictment. Criminal Monetary Penalties. Schedule of Payments. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA** represented by

**Andrew Connor Erskine**
United States Attorney's Office
Northern District of Illinois
219 S. Dearborn
Suite 500
Chicago, IL 60604
(312) 353-1875
Email: Andrew.Erskine@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**AUSA - Chicago**
United States Attorney's Office (NDIL - Chicago)
219 South Dearborn Street
Chicago, IL 60604
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Pretrial Services**
.
(312) 435-5793
Email:
ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov
*ATTORNEY TO BE NOTICED*
*Designation: Pretrial Services*

**Probation Department**
.
408-5197
Email: Intake_Docket_ILNP@ilnp.uscourts.gov
*ATTORNEY TO BE NOTICED*
*Designation: Probation Department*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/20/2018 | 1 | INDICTMENT as to Deny Mitrovich (1) count(s) 1 (las, ) (Entered: 11/21/2018) |
| 11/20/2018 | 3 | DESIGNATION Sheet: FELONY (Category 2). (las, ) (Entered: 11/21/2018) |
| 11/20/2018 | 4 | MINUTE entry before the Honorable Young B. Kim as to Deny Mitrovich: Defendant will self-surrender. Bond to be determined at arraignment. (las, ) (Entered: 11/21/2018) |
| 11/21/2018 | 5 | NOTICE of Arraignment as to Deny Mitrovich before Honorable M. David Weisman on 11/29/2018 at 10:00 AM. (las, ) (Entered: 11/21/2018) |
| 11/27/2018 | 6 | MINUTE entry before the Honorable M. David Weisman as to Deny Mitrovich: At the request of defense counsel and without objection, the arraignment set for 11/29/18 is stricken and reset to 12/19/18 at 1:00 p.m. Mailed notice (ao,) (Entered: 11/27/2018) |
| 12/19/2018 | 7 | PRETRIAL Bail Report as to Deny Mitrovich (SEALED) (sn, ) (Entered: 12/19/2018) |
| 12/19/2018 | | SURRENDER of defendant Deny Mitrovich (sxb, ) (Entered: 12/20/2018) |
| 12/19/2018 | | ORAL MOTION by Barry Lewis for leave to file appearance as counsel for Defendant Deny Mitrovich (sxb, ) (Entered: 12/20/2018) |
| 12/19/2018 | | ORAL MOTION by USA to exclude time as to Deny Mitrovich (sxb, ) (Entered: 12/20/2018) |
| 12/19/2018 | 8 | ORDER as to Deny Mitrovich: Initial appearance held. Arraignment proceedings held. Defendant Deny Mitrovich self-surrendered and appeared on 12/19/18 in response to the Indictment dated 11/20/18. Attorney Barry Lewis's oral motion for leave to file his appearance as counsel for Defendant is granted. The court advised Defendant of his rights and finds that the Defendant is able to understand his rights as they were reviewed. The Government is not seeking detention. For the reason's stated on record, the parties agreed on certain conditions of release, while over some objections, the Court imposes other conditions. The defendant's wife Ms. Garcia was questioned and admonished on record and the Court finds that she is suitable and can serve as a third-party custodian. The defendant and defendant's wife signed a secured bond in the amount of $50,000. and agreed to the posting their property located in Chicago, Illinois. The Court notes while the property is being assessed the defendant shall be released as ordered by the Court. The record reflects that defendant tendered his passport and FOID card to the pretrial services officer in open court. The Court sua sponte orders the parties assess the posted property and all necessary paperwork be completed and filed to secure the $50,000 bond, or in the alternative, $50,000 in cash be posted prior to the next court hearing. Enter Order Setting Conditions of Release and Appearance Bond. Defendant shall be released after processing. Defendant acknowledged receipt of the indictment, waived formal reading, and entered a plea of not guilty to count(s) one (1) in the indictment. The Court finds Defendant is competent and accepts his plea of not guilty. 16.1 (A) Conference to be held by 12/26/18. Pretrial motions and supporting memoranda are to be filed by 1/2/19. This matter is set for a status hearing before Judge Feinerman on 1/16/19 at 9:45 a.m. The Government's oral motion to exclude time is granted. Enter excludable time from 12/19/18 to and including 1/16/19 in the interest of justice to allow both parties to continue the investigation and to prepare pretrial matters. See 18 U.S.C. §§ 3161 (h)(7)(A), (h)(7)B)(iv), (X-T). Signed by the Honorable M. David Weisman on 12/19/2018. Mailed notice. (sxb, ) (Entered: 12/20/2018) |
| 12/19/2018 | 9 | ATTORNEY Appearance for defendant Deny Mitrovich by Barry Michael Lewis (sxb, ) (Entered: 12/20/2018) |
| 12/19/2018 | 10 | ORDER Setting Conditions of Release as to Deny Mitrovich in the amount of $50,000, secured. Signed by the Honorable M. David Weisman on 12/19/2018. Mailed notice. |

| | | |
|---|---|---|
| | | (sxb, ) Receipt #4624217099 Modified on 1/16/2019 (rp, ). (Additional attachment(s) added on 1/17/2019: # 1 Rider A) (rp, ). (Entered: 12/20/2018) |
| 12/19/2018 | 11 | APPEARANCE Bond as to Deny Mitrovich in the amount of $50,000, secured, receipt #4624217099. (sxb, ) Modified on 1/16/2019 (sxb, ). (Entered: 12/20/2018) |
| 01/02/2019 | 12 | MOTION by Deny Mitrovich for leave to appear trial *was granted on December 19* Attorney: Barry M. Lewis. (Lewis, Barry) (Entered: 01/02/2019) |
| 01/02/2019 | 13 | SEALED MOTION by Deny Mitrovich *To Dismiss (Speedy Trial)* (Lewis, Barry) (Entered: 01/02/2019) |
| 01/02/2019 | 14 | MOTION by Deny Mitrovich to dismiss *(Speedy Trial, refiled not under seal* (Attachments: # 1 Notice of Filing)(Lewis, Barry) (Entered: 01/02/2019) |
| 01/03/2019 | 15 | MINUTE entry before the Honorable Gary Feinerman: The Clerk is directed to terminate Dkt. 12 as a motion, as it is a blank appearance form. Defendant's motions to dismiss 13 14 are denied without prejudice for failure to comply with Local Rule 5.3(b). Mailed notice. (jjr, ) (Entered: 01/03/2019) |
| 01/09/2019 | 16 | ATTORNEY Appearance for defendant Deny Mitrovich by Barry Michael Lewis (Lewis, Barry) (Entered: 01/09/2019) |
| 01/09/2019 | 17 | MOTION by Deny Mitrovich to dismiss *(Previously filed, now refiled* (Lewis, Barry) (Entered: 01/09/2019) |
| 01/09/2019 | 18 | NOTICE of Motion by Barry Michael Lewis for presentment of before Honorable Gary Feinerman on 1/16/2019 at 09:45 AM. (Lewis, Barry) (Entered: 01/09/2019) |
| 01/11/2019 | 19 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Hearing on motion to dismiss 17 set for 1/16/2019 at 9:45 a.m. 18 is re-set for 9:20 a.m. Status hearing set for 1/16/2019 at 9:45 a.m. 8 is re-set for 9:20 a.m. TIME CHANGE ONLY. Mailed notice. (jlj, ) (Entered: 01/11/2019) |
| 01/16/2019 | 20 | FORFEITURE AGREEMENT by Deny Mitrovich (rp, ) (Entered: 01/16/2019) |
| 01/16/2019 | 21 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued to 2/14/2019 at 9:45 a.m. Motion hearing held. Defendant's motion to dismiss 17 is entered and continued. Defendant shall file a supplemental brief by 2/6/2019. Without objection, time is excluded from 1/16/2019 through and including 2/14/2019, in the interest of justice, pursuant to 18 U.S.C. § 316l (h)(7)(B)(iv). Mailed notice. (jlj, ) (Entered: 01/16/2019) |
| 02/06/2019 | 22 | SUPPLEMENTAL BRIEF by Deny Mitrovich on Defendant's Motion to dismiss re: Richardson and Loud Hawk (Lewis, Barry) Docket Text Modified by Clerk's Office). (smm, ). (Entered: 02/06/2019) |
| 02/06/2019 | 23 | NOTICE of Motion by Barry Michael Lewis for presentment of motion to dismiss 17 , motion to dismiss 22 before Honorable Gary Feinerman on 2/14/2019 at 09:45 AM. (Lewis, Barry) (Entered: 02/06/2019) |
| 02/11/2019 | 24 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Motion and status hearing set for 2/14/2019 at 9:45 a.m. 17 is re-set for 10:15 a.m. TIME CHANGE ONLY. Mailed notice. (jlj, ) (Entered: 02/11/2019) |
| 02/14/2019 | 25 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued to 4/4/2019 at 9:45 a.m. Defendant's motion to dismiss 17 is entered and continued. Government's response due by 3/14/2019; Defendant's reply due by 3/28/2019. Without objection, time is excluded from 2/14/2019 through and including |

| | | |
|---|---|---|
| | | 4/4/2019, in the interest of justice, pursuant to 18 U.S.C. § 3161 (h)(7)(A), (B)(iv).Mailed notice. (jlj, ) (Entered: 02/14/2019) |
| 03/14/2019 | 26 | RESPONSE by USA as to Deny Mitrovich regarding MOTION by Deny Mitrovich to dismiss *(Previously filed, now refiled* 17 (Erskine, Andrew) (Entered: 03/14/2019) |
| 03/28/2019 | 27 | MOTION by Deny Mitrovich to dismiss *Defendant's Motion To Dismis* (Lewis, Barry) Modified on 3/29/2019 (rp, ). (Entered: 03/28/2019) |
| 03/28/2019 | 28 | CERTIFICATE of Service *of Defendant's Reply* regarding MOTION by Deny Mitrovich to dismiss *Defendant's Motion To Dismis* 27 (Lewis, Barry) (Entered: 03/28/2019) |
| 04/02/2019 | 29 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing set for 4/4/2019 at 9:45 a.m. 25 is re-set for 10:00 a.m. TIME CHANGE ONLY. Mailed notice. (jlj, ) (Entered: 04/02/2019) |
| 04/03/2019 | 30 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing set for 4/4/2019 at 10:00 a.m. 29 is re-set for 10:30 a.m. TIME CHANGE ONLY. Mailed notice. (jlj, ) (Entered: 04/03/2019) |
| 04/04/2019 | 31 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued to 5/16/2019 at 9:45 a.m. Oral argument held on Defendant's motion to dismiss 17 . Without objection, time is excluded from 4/4/2019 through and including 5/16/2019, in the interest of justice, pursuant to 18 U.S.C. § 3161 (h)(7)(A), (B)(iv). Mailed notice. (jlj, ) (Entered: 04/04/2019) |
| 04/23/2019 | 32 | MEMORANDUM Opinion and Order as to Deny Mitrovich written by the Honorable Gary Feinerman. For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendant's motion to dismiss 17 is denied.Mailed notice. (jlj, ) (Entered: 04/23/2019) |
| 05/01/2019 | 33 | PRETRIAL Status Report as to Deny Mitrovich (SEALED) (MB) (Entered: 05/01/2019) |
| 05/16/2019 | 34 | MINUTE entry before the Honorable Gary Feinerman: Status hearing held and continued to 7/11/2019 at 9:30 a.m. Without objection, time is excluded from 5/16/2019 through and including 7/11/2019, in the interest of justice, pursuant to 18 U.S.C. § 316l (h)(7)(B)(iv). Mailed notice. (jjr, ) (Entered: 05/16/2019) |
| 07/11/2019 | 35 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued to 8/8/2019 at 9:45 a.m. Defendant Mitrovich was directed to retain new counsel or to apply for appointed counsel. Attorney Barry Michael Lewis shall provide the case file to Defendant Mitrovich by 7/19/2019. Without objection, time is excluded from 7/11/2019 through and including 8/1/2019, in the interest of justice, pursuant to 18 U.S.C. § 3161 (h)(7)(B)(iv).Mailed notice. (jlj, ) (Entered: 07/15/2019) |
| 07/31/2019 | 36 | ATTORNEY Appearance for defendant Deny Mitrovich by Vadim A. Glozman (Glozman, Vadim) (Entered: 07/31/2019) |
| 07/31/2019 | 37 | MOTION by Deny Mitrovich to substitute attorney (Glozman, Vadim) (Entered: 07/31/2019) |
| 07/31/2019 | 38 | NOTICE of Motion by Vadim A. Glozman for presentment of motion to substitute attorney 37 before Honorable Gary Feinerman on 8/8/2019 at 09:45 AM. (Glozman, Vadim) (Entered: 07/31/2019) |
| 08/01/2019 | 39 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Motion to substitute attorney 37 is granted. Attorney Vadim Glozman may file his appearance for Defendant. Attorney Barry Lewis is terminated as counsel for Defendant. Motion hearing set for 8/8/2019 38 is stricken. Mailed notice. (jlj, ) (Entered: 08/01/2019) |

| | | |
|---|---|---|
| 08/07/2019 | 40 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The status hearing set for 8/8/2019 at 9:45 a.m. 35 is re-set for 10:00 a.m. TIME CHANGE ONLY. Mailed notice. (jlj, ) (Entered: 08/07/2019) |
| 08/08/2019 | 41 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich.Status hearing held and continued to 9/18/2019 at 9:30 a.m. Without objection, time is excluded from 8/8/2019 through and including 9/18/2019, in the interest of justice, pursuant to 18 U.S.C. § 3161 (h)(7)(B)(iv). Mailed notice. (jlj, ) (Entered: 08/08/2019) |
| 09/12/2019 | 42 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The status hearing set for 9/18/2019 at 9:30 a.m. 41 is re-set for 10:00 a.m. TIME CHANGE ONLY. Mailed notice. (jlj, ) (Entered: 09/12/2019) |
| 09/18/2019 | 43 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued 10/29/2019 at 9:45 a.m. Without objection, time is excluded from 9/18/2019 through and including 10/29/2019, in the interest of justice, pursuant to 18 U.S.C. § 3161 (h)(7)(B)(iv).Mailed notice. (jlj, ) (Entered: 09/18/2019) |
| 10/24/2019 | 44 | MOTION by Deny Mitrovich to modify conditions of release *(unopposed)* (Glozman, Vadim) (Entered: 10/24/2019) |
| 10/24/2019 | 45 | NOTICE of Motion by Vadim A. Glozman for presentment of motion to modify conditions of release 44 before Honorable Gary Feinerman on 10/29/2019 at 09:45 AM. (Glozman, Vadim) (Entered: 10/24/2019) |
| 10/28/2019 | 46 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Defendant's unopposed motion to modify conditions of release 44 is granted. The conditions of Defendant's pretrial release are amended to permit him, with the Probation Office's pre-approval, to meet with potential publishers of his book. The motion hearing set for 10/29/2019 45 is stricken. Mailed notice. (jlj, ) (Entered: 10/28/2019) |
| 10/29/2019 | 47 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued to 12/11/2019 at 9:45 a.m. Defendant's presence is waived for today's hearing. Defendant shall file his motion to compel on or before 12/3/2019. Without objection, time is excluded from 10/29/2019 through and including 12/11/2019, in the interest of justice, pursuant to 18 U.S.C. § 3161 (h)(7)(A), (B)(iv). Mailed notice. (jlj, ) (Entered: 10/30/2019) |
| 12/03/2019 | 48 | MOTION by Deny Mitrovichto compel *discovery* (Glozman, Vadim) (Entered: 12/03/2019) |
| 12/03/2019 | 49 | MOTION by Deny Mitrovich for leave to *file motion in excess of fifteen pages* (Glozman, Vadim) (Entered: 12/03/2019) |
| 12/06/2019 | 50 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Motion for leave to file instanter a motion in excess of fifteen pages 49 is granted. Mailed notice. (jlj, ) (Entered: 12/06/2019) |
| 12/06/2019 | 51 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The status hearing set for 12/11/2019 at 9:45 a.m. 47 is re-set for 10:00 a.m. TIME CHANGE ONLY. Mailed notice. (jlj, ) (Entered: 12/06/2019) |
| 12/11/2019 | 52 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued to 2/10/2020 at 9:45 a.m. Motion hearing held. Defendant's motion to compel discovery 48 is entered and continued. The Government shall respond by 1/3/2020; Defendant shall reply 2/3/2020. Without objection, time is excluded from 12/11/2019 through and including 2/10/2020, in the interest of justice, pursuant to 18 U.S.C. § 3161 (h)(7)(A), (B)(iv). Mailed notice. (jlj, ) (Entered: 12/11/2019) |

| | | |
|---|---|---|
| 01/03/2020 | 53 | RESPONSE by USA as to Deny Mitrovich regarding MOTION by Deny Mitrovichto compel *discovery* 48 (Erskine, Andrew) (Entered: 01/03/2020) |
| 01/10/2020 | 54 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. At the parties' request, the status hearing set for 2/10/2020 52 is stricken and re-set for 2/24/2020 at 9:45 a.m. Without objection, time is excluded from 1/10/2020 through and including 2/24/2020, in the interest of justice, pursuant to 18 U.S.C. § 3161 (h)(7)(A), (B)(iv). Mailed notice. (jlj, ) (Entered: 01/10/2020) |
| 02/01/2020 | 56 | REPLY by Deny Mitrovich to response to motion 53 (Glozman, Vadim) (Entered: 02/01/2020) |
| 02/01/2020 | 57 | MOTION by Deny Mitrovich to file reply in excess of fifteen pages re reply 56 (Glozman, Vadim) (Entered: 02/01/2020) |
| 02/01/2020 | 58 | NOTICE of Motion by Vadim A. Glozman for presentment of motion for miscellaneous relief 57 before Honorable Gary Feinerman on 2/24/2020 at 09:45 AM. (Glozman, Vadim) (Entered: 02/01/2020) |
| 02/03/2020 | 59 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Motion to file biref in excess of 15 pages 57 is granted. Motion hearing set for 2/24/2020 58 is stricken. Mailed notice. (jlj, ) (Entered: 02/03/2020) |
| 02/21/2020 | 60 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The status hearing set for 2/24/2020 at 9:45 a.m. 54 is re-set for 10:00 a.m. TIME CHANGE ONLY. Mailed notice. (jlj, ) (Entered: 02/21/2020) |
| 02/24/2020 | 61 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued to 4/1/2020 at 9:45 a.m. Hearing held on motion to compel 48 . Government's oral motion to file a surreply to the motion compel is granted. The Government shall file sur-reply by 3/16/2020. If the Defendant would like to file a surresponse to the surreply, he shall do so on or before 3/20/2020. Without objection, time is excluded from 2/24/2020 through and including 4/1/2020, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Mailed notice. (jlj, ) (Entered: 02/24/2020) |
| 03/16/2020 | 64 | ORDER as to Deny Mitrovich Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020. Mailed notice. (pj, ) (Entered: 03/18/2020) |
| 03/17/2020 | 62 | SUR-REPLY by Plaintiff USA (Attachments: # 1 Exhibit A)(Erskine, Andrew) (Entered: 03/17/2020) |
| 03/17/2020 | 63 | ORDER as to Deny Mitrovich On March 17, 2020, Amended General Order 20-0012 was further revised for all criminal matters. Paragraph 3(i) of the Amended Order, related to criminal matters, is hereby replaced with the following language: All other criminal hearings of any kind scheduled from March 17, 2020 until April 3, 2020 are stricken from the calendar, to be re-set by the presiding judge for a date on or after April 6, 2020. Also, any other deadlines, including motions, briefing, and discovery deadlines, whether set by the court or by the Rules of Criminal Procedure or Local Rules, are hereby extended by 21 days from the current deadline set. This 21-day extension is subject to modification by the presiding judge assigned to the case. See attached order. Revisions appear in red text.Signed by the Honorable Rebecca R. Pallmeyer on 3/17/2020. Mailed notice. (tg, ) (Entered: 03/18/2020) |
| 03/20/2020 | 65 | RESPONSE by Deny Mitrovich to sur-reply 62 (Attachments: # 1 Exhibit Exhibit A) |

| | | |
|---|---|---|
| | | (Glozman, Vadim) (Entered: 03/20/2020) |
| 03/20/2020 | 66 | MOTION by Deny Mitrovich for leave to file brief in excess of fifteen pages (Glozman, Vadim) (Entered: 03/20/2020) |
| 03/23/2020 | 67 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The status hearing set for 4/1/2020 61 is stricken and re-set for 4/21/2020 at 10:00 a.m. Time is excluded from 3/23/2020 through and including 4/21/2020, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Mailed notice. (jlj, ) (Entered: 03/23/2020) |
| 03/23/2020 | 68 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Motion for leave to file excess pages 66 is granted. Mailed notice. (jlj, ) (Entered: 03/23/2020) |
| 03/30/2020 | 69 | ORDER as to Deny Mitrovich Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020. Mailed notice. (docket15, ) (Entered: 03/31/2020) |
| 04/13/2020 | 70 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Pursuant to Second Amended General Order 20-0012, the 4/21/2020 status hearing 67 is stricken and re-set for 5/11/2020 at 9:45 a.m. In the meantime, if any party wishes to present a scheduling or other issue or question to the court, that party should send an email to the Courtroom Deputy (Jackie_Deanes@ilnd.uscourts.gov) and the proposed order email box (Proposed_Order_Feinerman@ilnd.uscourts.gov), with a copy to all other counsel, and the court will respond as soon as practicable. If any party wishes to extend, shorten, or revoke in a particular case the filing extensions granted by Paragraph 4.k of Second Amended General Order 20-0012, that party shall file a motion on the case docket and shall indicate in the motion whether the relief sought is agreed or opposed. Parties may file other non-emergency motions on the case docket as they see fit. Emergency relief in any case, or emergency relief from Second Amended General Order 20-0012, shall be sought in the manner set forth in Paragraphs 5-6 of Second Amended General Order 20-0012. The parties in all criminal cases are encouraged to carefully review in its entirety Paragraph 4 of Second Amended General Order 20-0012. Pursuant to Paragraph 4.h of Second Amended General Order 20-0012, time is excluded through 5/11/2020. Mailed notice. (jlj, ) (Entered: 04/13/2020) |
| 04/24/2020 | 71 | ORDER as to Deny Mitrovich Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020. Mailed notice. (docket13, ) (Entered: 04/27/2020) |
| 04/30/2020 | 72 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendant's motion to compel 48 is granted. The Government shall produce discovery responsive to Requests 4 and 5 by 5/28/2020, subject to any targeted objections to the production of specific material. Mailed notice. (jlj, ) (Entered: 04/30/2020) |
| 04/30/2020 | 73 | MEMORANDUM Opinion and Order as to Deny Mitrovich written by the Honorable Gary Feinerman on 4/30/2020.Mailed notice. (jlj, ) (Entered: 04/30/2020) |

| | | |
|---|---|---|
| 05/05/2020 | 74 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Pursuant to Third Amended General Order 20-0012, the 5/11/2020 status hearing 70 is stricken and re-set for 6/8/2020 at 10:45 a.m. In the meantime, if any party wishes to present a procedural issue or question to the court, that party should send an email to the Courtroom Deputy (Jackie_Deanes@ilnd.uscourts.gov) and the proposed order email box (Proposed_Order_Feinerman@ilnd.uscourts.gov), with a copy to all other counsel and pro se defendants, and the court will respond as soon as practicable. If any party wishes to extend, shorten, or revoke in a particular case an extension granted by Paragraph 6.k of the Third Amended General Order or any prior iteration of General Order 20-0012, that party shall file a motion on the case docket and shall indicate whether the relief sought is agreed or opposed. Parties may file other non-emergency motions on the case docket as they see fit. Emergency relief in any case, or emergency relief from the Third Amended General Order, shall be sought in the manner set forth in Paragraphs 7-8 of the Third Amended General Order. The parties in all criminal cases are encouraged to carefully review the Third Amended General Order in its entirety and, in particular, Paragraph 6. Pursuant to Paragraph 6.h of the Third Amended General Order, time is excluded through 6/8/2020.Mailed notice. (jlj, ) (Entered: 05/05/2020) |
| 05/21/2020 | 75 | MOTION by USA for extension of time as to Deny Mitrovich *UNOPPOSED* (Erskine, Andrew) (Entered: 05/21/2020) |
| 05/21/2020 | 76 | NOTICE of Notice of Filing by USA as to Deny Mitrovich (Erskine, Andrew) (Entered: 05/21/2020) |
| 05/22/2020 | 77 | MINUTE entry before the Honorable Gary Feinerman: as to Deny Mitrovich. Motion for extension of time 75 is granted. The deadline for the Government to comply with the 4/30/2020 order 72 is extended to 6/11/2020. Mailed notice. (jlj, ) (Entered: 05/22/2020) |
| 05/26/2020 | 78 | ORDER as to Deny Mitrovich ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020. Mailed notice. (docket12, ) (Entered: 05/26/2020) |
| 05/29/2020 | 79 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Given the 5/22/2020 order 77 , the status hearing set for 6/8/2020 74 is stricken and re-set for 6/22/2020 at 9:45 a.m. By 6/15/2020, the parties shall file a joint status report addressing what work remains before they will be in a position to determine how this case will proceed. Time is excluded from 5/29/2020 through and including 6/22/2020, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Mailed notice. (jlj, ) (Entered: 05/29/2020) |
| 06/08/2020 | 80 | MOTION by USA for protective order as to Deny Mitrovich (Erskine, Andrew) (Entered: 06/08/2020) |
| 06/09/2020 | 81 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Motion for protective order 80 is granted. Enter protective order. Mailed notice. (jlj, ) (Entered: 06/09/2020) |
| 06/09/2020 | 82 | PROTECTIVE Order as to Deny Mitrovich signed by the Honorable Gary Feinerman on 6/9/2020.Mailed notice. (jlj, ) (Entered: 06/09/2020) |
| 06/14/2020 | 83 | STATUS REPORT *(Joint)* by Deny Mitrovich (Glozman, Vadim) (Entered: 06/14/2020) |
| 06/15/2020 | 84 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. By agreement 83 , the status hearing set for 6/22/2020 [ 79 is stricken and re-set for 9/8/2020 |

| | | |
|---|---|---|
| | | at 9:45 a.m. Defendant's presence is waived for the 9/8/2020 hearing. By 9/1/2020, the parties shall file a status report: (1) addressing what work remains before they will be in a position to determine how this case will proceed; (2) stating whether the 9/8/2020 status hearing should be rescheduled; and (3) if the answer to (2) is yes, whether time may be excluded. By agreement 83 , time is excluded from 6/15/2020 through and including 9/8/2020, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Mailed notice. (jlj, ) (Entered: 06/15/2020) |
| 07/10/2020 | 85 | ORDER as to Deny Mitrovich Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020. Mailed notice. (clerk1, Docket) (Entered: 07/10/2020) |
| 08/20/2020 | 86 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich.Attorneys/Parties should appear for the 9/8/2020 84 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 08/20/2020) |
| 09/01/2020 | 87 | STATUS REPORT *(Joint)* by Deny Mitrovich (Glozman, Vadim) (Entered: 09/01/2020) |
| 09/02/2020 | 88 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. By agreement 87 , the status hearing set for 9/8/2020 84 is stricken and re-set for 11/9/2020 at 9:45 a.m. Defendant's presence is waived for the 11/9/2020 hearing. By 11/2/2020, the parties shall file a joint status report: (1) addressing what work remains before they will be in a position to determine how this case will proceed; (2) stating whether the 11/9/2020 status hearing should be rescheduled; and (3) if the answer to (2) is yes, whether time may be excluded. By agreement 87 , time is excluded from 9/2/2020 through and including 11/9/2020, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 09/02/2020) |
| 11/02/2020 | 89 | STATUS REPORT *(Joint)* by Deny Mitrovich (Glozman, Vadim) (Entered: 11/02/2020) |
| 11/04/2020 | 90 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. By agreement 89 , the status hearing set for 11/9/2020 88 is stricken and re-set for 1/12/2021 at 9:45a.m. By 1/5/2021, the parties shall file a joint status report: (1) addressing what work remains before they will be in a position to determine how this case will proceed; (2) stating whether the 1/12/2021 status hearing should be rescheduled or a change of plea hearing should be set; and (3) if the answer to (2) is yes, whether time may be excluded until the next hearing. By agreement 89 , time is excluded from 11/4/2020 |

| | | |
|---|---|---|
| | | through and including 1/12/2021, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Attorneys/Parties should appear for the 1/12/2021 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 11/04/2020) |
| 01/04/2021 | 91 | STATUS REPORT *(Joint)* by Deny Mitrovich (Glozman, Vadim) (Entered: 01/04/2021) |
| 01/09/2021 | 92 | SEALED Document *(Motion to Dismiss or, Alternatively, Suppress Evidence)* (Glozman, Vadim) (Entered: 01/09/2021) |
| 01/11/2021 | 93 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The status hearing set for 1/12/2021 at 9:45 a.m. 90 is re-set for 9:30 a.m. TIME CHANGE ONLY. Attorneys/Parties should appear for the 1/12/2021 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 01/11/2021) |
| 01/11/2021 | 94 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Hearing on motion 92 set for 1/12/2021 at 9:30 a.m. Attorneys/Parties should appear for the 1/12/2021 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 01/11/2021) |
| 01/12/2021 | 95 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued to 3/1/2021 at 9:45 a.m. Defendant's appearance is waived for this hearing. Motion hearing held. Defendant's motion to dismiss 92 is entered and continued. The Government shall respond to the motion to dismiss by 2/9/2021; Defendant's reply due by 2/23/2021. Attorneys/Parties should appear for the 3/1/2021 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Time is excluded from 1/12/2020 through and including 3/1/2021, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv).Mailed notice. (jlj, ) (Entered: 01/13/2021) |

| | | |
|---|---|---|
| 02/09/2021 | 96 | SEALED RESPONSE by USA to sealed document 92 *Response to Motion to Dismiss* (Erskine, Andrew) (Entered: 02/09/2021) |
| 02/22/2021 | 97 | SEALED Document *Reply In Support of Motion to Dismiss, or Alternatively, Suppress Evidence* (Glozman, Vadim) (Entered: 02/22/2021) |
| 02/26/2021 | 98 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The status hearing set for 3/1/2021 at 9:45 a.m. 95 is re-set for 10:45 a.m. TIME CHANGE ONLY. Attorneys/Parties should appear for the 3/1/2021 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 02/26/2021) |
| 03/01/2021 | 99 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued to 4/20/2021 at 9:45 a.m. Defendant's motion to dismiss 92 is taken under advisement. Defendant's appearance is waived for today's hearing. Attorneys/Parties should appear for the 4/20/2021 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Time is excluded from 3/1/2021 through and including 4/20/2021, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Mailed notice. (jlj, ) Modified on 3/2/2021 (jlj, ). (Entered: 03/01/2021) |
| 03/02/2021 | 100 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Status hearing held and continued to 4/20/2021 at 9:45 a.m. Defendant's motion to dismiss 92 is taken under advisement. Defendant's appearance is waived for today's hearing. Attorneys/Parties should appear for the 4/20/2021 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Time is excluded from 3/1/2021 through and including 4/20/2021, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). (Duplicate of 99 .) Mailed notice. (jlj, ) (Entered: 03/02/2021) |
| 03/05/2021 | 101 | MOTION by Deny Mitrovich to modify conditions of release *(emergency)* (Glozman, Vadim) (Entered: 03/05/2021) |
| 03/05/2021 | 102 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Motion to modify conditions of release 101 is granted. The conditions of Defendant Mitrovich's pretrial release are amended to permit him, on 3/8/2021 and 3/9/2021, to travel to his mother's house and the funeral home and cemetery to attend the wake, funeral, and other |

| | | |
|---|---|---|
| | | family services for his recently deceased father. Mailed notice. (jlj, ) (Entered: 03/05/2021) |
| 04/16/2021 | 103 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The status hearing set for 4/20/2021 99 is stricken and re-set for 6/24/2021 at 9:45 a.m. The pending motion to dismiss 92 remains under advisement. Time is excluded pursuant to 18 U.S.C. 3161(h)(1)(D), (H) and 3161(h)(7)(A). Attorneys/Parties should appear for the 6/24/2021 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 04/16/2021) |
| 05/14/2021 | 104 | MOTION by Deny Mitrovich to modify conditions of release (Glozman, Vadim) (Entered: 05/14/2021) |
| 05/17/2021 | 105 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Defendant's motion to modify conditions of release 104 is referred to Magistrate Judge Weisman for ruling. Mailed notice. (jlj, ) (Entered: 05/17/2021) |
| 05/17/2021 | 106 | EXECUTIVE COMMITTEE ORDER: Case referred to Magistrate Judge Honorable M. David Weisman pursuant to Local Rule 72.1.. Signed by Executive Committee on 05/17/2021.(daj, ) (Entered: 05/18/2021) |
| 05/19/2021 | 107 | MINUTE entry before the Honorable M. David Weisman as to Deny Mitrovich: Motion hearing on defendant's motion to modify conditions of release 104 is set for 5/25/21 at 10:00 a.m. Parties shall dial in using call-in number 1-877-411-9748 and the passcode is 1814539. Please note that the Court's conference call-in will be used by all cases that are on the Court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called by the Court. Once the Court has heard your case you shall disconnect from the conference line. Members of the public and media who wish to listen to this hearing may call in. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court Mailed notice (ao, ) (Entered: 05/19/2021) |
| 05/19/2021 | 108 | MINUTE entry before the Honorable M. David Weisman as to Deny Mitrovich: By agreement of the parties, the motion hearing set for 5/25/21 is stricken and reset to 5/28/21 at 11:00 a.m. Parties shall dial in using call-in number 1-877-411-9748 and the passcode is 1814539. Please note that the Court's conference call-in will be used by all cases that are on the Court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called by the Court. Once the Court has heard your case you shall disconnect from the conference line. Members of the public and media who wish to listen to this hearing may call in. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ao, ) (Entered: 05/19/2021) |

| | | |
|---|---|---|
| 05/26/2021 | 109 | PRETRIAL Status Report as to Deny Mitrovich (SEALED) (Wiesema, Justin) (Entered: 05/26/2021) |
| 05/28/2021 | 110 | ORDER: Motion hearing held. Defendant's motion to modify conditions of release 104 is granted. Defendant conditions of release are modified as follows: Defendant's wife, Reyna Adriana Garcia is removed as third-party custodian. The Defendant's mother, Sventlana Mitrovich was questioned on the record, and the court finds that she is a suitable and can serve as a third-party custodian. Parties shall submit a signed supplemental condition of release naming the defendant's mother Sventlana Mitrovich as the third-party custodian. All matters relating to the referral of this case having been resolved, this matter is returned to the District Judge. Referral terminated. Signed by the Honorable M. David Weisman on 04/28/2021. Mailed notice (daj, ) (Entered: 06/02/2021) |
| 06/22/2021 | 111 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The status hearing set for 6/24/2021 103 is stricken and re-set for 7/21/2021 at 9:45 a.m. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 06/22/2021) |
| 06/23/2021 | 112 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Time is excluded from 6/22/2021 through and including 7/21/2021, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Mailed notice. (jlj, ) (Entered: 06/23/2021) |
| 07/07/2021 | 113 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendant's motion to dismiss or suppress 92 is denied. By 7/15/2021, the parties shall file a joint status report: (1) addressing what work remains before they will be in a position to determine how this case will proceed; (2) stating whether the 7/21/2021 status hearing 111 should be rescheduled or a change of plea hearing or trial set; and (3) if the answer to (2) is yes, stating whether time may be excluded through the next date. Mailed notice. (jlj, ) (Entered: 07/07/2021) |
| 07/07/2021 | 114 | MEMORANDUM Opinion and Order as to Deny Mitrovich written by the Honorable Gary Feinerman on 7/7/2021.Mailed notice. (jlj, ) (Entered: 07/07/2021) |
| 07/14/2021 | 115 | SUPPLEMENTAL ORDER Setting Conditions of Release as to Deny Mitrovich in amount of $ 50,000.00 Secured. (Rider attached). Signed by the Honorable M. David Weisman on 7/14/2021. Mailed notice (jn, ) (Entered: 07/14/2021) |
| 07/15/2021 | 116 | STATUS REPORT *(Joint)* by Deny Mitrovich (Glozman, Vadim) (Entered: 07/15/2021) |
| 07/16/2021 | 117 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. By agreement 116 , the status hearing set for 7/21/2021 111 is stricken and re-set for 9/24/2021 at 9:45 a.m. By 9/17/2021, the parties shall file a joint status report: (1) addressing what work remains before they will be in a position to determine how this case will proceed; (2) stating whether the 9/24/2021 status hearing should be rescheduled or a change of plea hearing set; and (3) if the answer to (2) is yes, stating whether time may be excluded through the next date. By agreement 116 , time is excluded from 7/16/2021 through and including 9/24/2021, in the interest of justice, pursuant to 18 |

| | | |
|---|---|---|
| | | U.S.C. § 3161(h)(7)(A), (B)(iv). Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 07/16/2021) |
| 08/04/2021 | 118 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The status hearing set for 9/24/2021 117 is stricken and re-set for 9/22/2021 at 9:45 a.m. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 08/04/2021) |
| 09/20/2021 | 119 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The 7/16/2021 order 117 asked the parties to file a joint status report by 9/17/2021. No status report was filed. On the court's own motion, the deadline for filing the joint status report is extended to 9/20/2021. Mailed notice. (jlj, ) (Entered: 09/20/2021) |
| 09/20/2021 | 120 | STATUS REPORT by USA as to Deny Mitrovich (Erskine, Andrew) (Entered: 09/20/2021) |
| 09/21/2021 | 121 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. By agreement 120 , the status hearing set for 9/22/2021 118 is stricken and re-set for 11/22/2021 at 9:45 a.m. By 11/15/2021, the parties shall file a joint status report: (1) addressing what work remains before they will be in a position to determine how this case will proceed; (2) stating whether the 11/22/2021 status hearing should be rescheduled or a change of plea hearing set; and (3) if the answer to (2) is yes, stating whether time may be excluded through the next date. By agreement 120 , time is excluded from 9/21/2021 through and including 11/22/2021, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 09/21/2021) |
| 11/15/2021 | 122 | STATUS REPORT *JOINT* by USA as to Deny Mitrovich (Erskine, Andrew) (Entered: 11/15/2021) |
| 11/16/2021 | 123 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. By agreement 122 , the status hearing set for 11/22/2021 121 is stricken and re-set for 1/14/2022 at 9:45 a.m. By 1/7/2022, the parties shall file a joint status report: (1) addressing what work remains before they will be in a position to determine how this |

| | | |
|---|---|---|
| | | case will proceed; (2) stating whether the 1/14/2022 status hearing should be rescheduled or a change of plea hearing or trial set; and (3) if the answer to (2) is yes, stating whether time may be excluded through the next date. By agreement 122 , time is excluded from 11/16/2021 through and including 1/14/2022, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 11/16/2021) |
| 01/07/2022 | 124 | STATUS REPORT *(Joint)* by Deny Mitrovich (Glozman, Vadim) (Entered: 01/07/2022) |
| 01/10/2022 | 125 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. By agreement 124 , the status hearing set for 1/14/2022 123 is stricken. Video change of plea hearing set for 3/2/2022 at 10:15 a.m. The parties shall submit the CARES order and a copy of the proposed plea agreement to chambers by 2/25/2022. By agreement 124 , time is excluded from 1/10/2022 through and including 3/2/2022, in the interest of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Members of the public and media will be able to call in to listen to this hearing. The call-in number is 571-353-2300 and the access code is 207081154. Counsel of record will receive an email prior to the start of the video hearing with instructions to join the video. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) (Entered: 01/10/2022) |
| 02/07/2022 | 126 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Members of the public and media will be able to call in to listen to the video change of plea hearing set for 3/2/2022 125 . **The call-in number is 571-353-2301 and the access code is 874937250.** Counsel of record will receive an email prior to the start of the video hearing with instructions to join the video. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jlj, ) Mailed notice<Attachments> (jlj, ) (Entered: 02/07/2022) |
| 02/24/2022 | 127 | CARES ORDER as to Deny Mitrovich. Signed by the Honorable Gary Feinerman on 2/24/2022. Mailed notice. (kl, ) Modified on 2/25/2022 (jlj, ). (Entered: 02/24/2022) |
| 02/25/2022 | 128 | PRETRIAL Status Report as to Deny Mitrovich (SEALED) (Wiersema, Justin) (Entered: 02/25/2022) |
| 03/02/2022 | 129 | ORDER as to Deny Mitrovich: Change of plea hearing held. Defendant informed of his rights. Defendant enters plea of Guilty to Count One of the Indictment. Enter finding of Guilty. Enter plea agreement. Video sentencing set for 7/21/2022 at 10:30 a.m. The parties shall submit the CARES order for sentencing by 7/15/2022. Cause referred to the Probation Office for a presentence investigation. The Probation Office shall file under seal, and send a copy to defense counsel and the Government, its entire Sentencing Recommendation, including its specific recommendations for the conditions of supervised release. The parties shall file simultaneous sentencing briefs by 6/23/2022. In |

| | | |
|---|---|---|
| | | its brief, the Government shall (among any other matters it wishes to address) set forth the specific supervised release conditions it proposes and the justification for imposing each such condition. The parties shall file simultaneous sentencing response briefs by 7/7/2022. In his response brief, Defendant shall (among any other matters he wishes to address) address each supervised release condition proposed by the Probation Office and the Government, stating which conditions he does not oppose and setting forth specific reasons why the other conditions should not be imposed. Pursuant to 18 U.S.C. § 3664(d)(1), if restitution is being sought in this case, 60 days prior to the sentencing date, the Government shall provide the Probation Office and the courtroom deputy an electronic standardized spreadsheet (available on the Court's website) with a list of victims and their full current contact information. This list shall include any amounts subject to restitution. If the Government is not able to provide the full victim list 60 days prior to sentencing, they shall file a motion to request an extension of time to compile the information, to the extent permitted by 18 U.S.C. § 3664(d)(5). Signed by the Honorable Gary Feinerman on 03/02/2022. Mailed notice (lxk, ) (Entered: 03/04/2022) |
| 03/02/2022 | 130 | PLEA Agreement as to Deny Mitrovich. (lxk, ) (Entered: 03/04/2022) |
| 03/07/2022 | 131 | MOTION by USA for forfeiture as to Deny Mitrovich *for Entry of Preliminary Order of Forfeiture* (Erskine, Andrew) (Entered: 03/07/2022) |
| 05/10/2022 | 133 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The report filed 5/9/2022 132 having been filed in error, is stricken. Mailed notice. (jlj, ) (Entered: 05/10/2022) |
| 05/23/2022 | 134 | MOTION by USA for extension of time as to Deny Mitrovich *Restitution* (Erskine, Andrew) (Entered: 05/23/2022) |
| 05/24/2022 | 135 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Motion for extension of time 134 is granted. The deadline for the Government to file restitution information is extended to 6/13/2022. Mailed notice. (jlj, ) (Entered: 05/24/2022) |
| 06/15/2022 | 136 | PRESENTENCE Investigation Report as to Deny Mitrovich (SEALED) (Attachments: # 1 Supplement plea agreement)(Dawson, Sabrina) (Entered: 06/15/2022) |
| 06/16/2022 | 138 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. At the parties' request, the video sentencing set for 7/21/2022 129 is stricken and re-set for 11/1/2022 at 10:30 a.m. The parties shall submit the CARES order for sentencing by 10/17/2022. The parties shall file simultaneous sentencing briefs by 10/4/2022. In its brief, the Government shall (among any other matters it wishes to address) set forth the specific supervised release conditions it proposes and the justification for imposing each such condition. The parties shall file simultaneous sentencing response briefs by 10/18/2022. In his response brief, Defendant shall (among any other matters he wishes to address) address each supervised release condition proposed by the Probation Office and the Government, stating which conditions he does not oppose and setting forth specific reasons why the other conditions should not be imposed. Pursuant to 18 U.S.C. § 3664(d)(1), if restitution is being sought in this case, 60 days prior to the sentencing date, the Government shall provide the Probation Office and the courtroom deputy an electronic standardized spreadsheet (available on the Court's website) with a list of victims and their full current contact information. This list shall include any amounts subject to restitution. If the Government is not able to provide the full victim list 60 days prior to sentencing, they shall file a motion to request an extension of time to compile the information, to the extent permitted by 18 U.S.C. § 3664(d)(5). Mailed notice. (jlj, ) (Entered: 06/16/2022) |
| 07/07/2022 | 139 | PRESENTENCE Investigation Report (Supplemental) as to Deny Mitrovich (SEALED) (Tollison, Regina) (Entered: 07/07/2022) |

| | | |
|---|---|---|
| 08/04/2022 | 140 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The video sentencing set for 11/1/2022 138 is stricken and re-set for 11/3/2022 at 10:00 a.m. The parties shall submit the CARES order for sentencing by 10/17/2022. The parties shall file simultaneous sentencing briefs by 10/4/2022. In its brief, the Government shall (among any other matters it wishes to address) set forth the specific supervised release conditions it proposes and the justification for imposing each such condition. The parties shall file simultaneous sentencing response briefs by 10/18/2022. In his response brief, Defendant shall (among any other matters he wishes to address) address each supervised release condition proposed by the Probation Office and the Government, stating which conditions he does not oppose and setting forth specific reasons why the other conditions should not be imposed. Pursuant to 18 U.S.C. § 3664(d)(1), if restitution is being sought in this case, 60 days prior to the sentencing date, the Government shall provide the Probation Office and the courtroom deputy an electronic standardized spreadsheet (available on the Court's website) with a list of victims and their full current contact information. This list shall include any amounts subject to restitution. If the Government is not able to provide the full victim list 60 days prior to sentencing, they shall file a motion to request an extension of time to compile the information, to the extent permitted by 18 U.S.C. § 3664(d)(5). Members of the public and media will be able to call in to listen to this hearing. The call-in number is 571-353-2301 and the access code is 874937250. Counsel of record will receive an email prior to the start of the video hearing with instructions to join the video. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 08/04/2022) |
| 10/04/2022 | 141 | SENTENCING MEMORANDUM as to Deny Mitrovich (Erskine, Andrew) (Entered: 10/04/2022) |
| 10/04/2022 | 142 | SENTENCING MEMORANDUM as to Deny Mitrovich (Attachments: # 1 Exhibit Character Letters)(Glozman, Vadim) (Entered: 10/04/2022) |
| 10/18/2022 | 143 | RESPONSE by Deny Mitrovich to sentencing memorandum 141 (Glozman, Vadim) (Entered: 10/18/2022) |
| 10/18/2022 | 144 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. At the parties' request, the video sentencing set for 11/3/2022 140 is stricken and re-set for 12/19/2022 at 10:15 a.m. The parties shall submit the CARES ACT order to Chambers by 12/12/2022. Counsel of record will receive an email prior to the start of the video hearing with instructions to join the video. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Mailed notice. (jlj, ) (Entered: 10/18/2022) |
| 10/18/2022 | 145 | RESPONSE by USA to sentencing memorandum 142 (Erskine, Andrew) (Entered: 10/18/2022) |
| 10/18/2022 | 146 | SEALED Document *Exhibit to Government's Sentencing Response* (Erskine, Andrew) (Entered: 10/18/2022) |
| 11/09/2022 | 147 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. The video sentencing set for 12/19/2022 at 10:15 a.m. 144 is re-set to an in person sentencing in Courtroom 2141. Mailed notice. (jlj, ) (Entered: 11/09/2022) |

| | | |
|---|---|---|
| 12/16/2022 | 148 | PRETRIAL Status Report as to Deny Mitrovich (SEALED) (Wiersema, Justin) (Entered: 12/16/2022) |
| 12/18/2022 | 149 | SUPPLEMENT by USA to response 145 *Supplemental Memorandum on Restitution* (Erskine, Andrew) (Entered: 12/18/2022) |
| 12/19/2022 | 150 | MINUTE entry before the Honorable Gary Feinerman:as to Deny Mitrovich. Sentencing held. Judgment and commitment order shall follow. Motion for entry of preliminary order of forfeiture 131 is granted. Enter preliminary order of forfeiture. Mailed notice. (jlj, ) (Entered: 12/19/2022) |
| 12/19/2022 | 151 | Preliminary order of forfeiture as to Deny Mitrovich Signed by the Honorable Gary Feinerman on 12/19/2022.Mailed notice. (jlj, ) (Entered: 12/19/2022) |
| 12/19/2022 | 152 | JUDGMENT (Sentencing Order) as to Deny Mitrovich (1), Count(s) 1, The defendant pleaded guilty to count(s) Count One (1) of the Indictment. The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Eighty-Four (84) Months as to Count One (1) of the Indictment. Upon release from imprisonment, the defendant shall be on supervised release for a term of: Five (5) years as to Count One (1) of the Indictment. Criminal Monetary Penalties. Schedule of Payments. Signed by the Honorable Gary Feinerman on 12/19/2022. Mailed certified copy to defendant Deny Mitrovich's counsel of record Vadim A. Glozman. (Attachments: # 1 Preliminary Order of Forfeiture) (ak, ) (Entered: 12/19/2022) |
| 12/19/2022 | 153 | STATEMENT of Reasons as to Deny Mitrovich (SEALED). Mailed certified copy to defendant Deny Mitrovich's counsel of record Vadim A. Glozman. (ak, ) (Entered: 12/19/2022) |
| 12/19/2022 | | JUDGMENT and Commitment as to Deny Mitrovich issued to U.S. Marshal via e-mail in PDF format. (ak, ) (Entered: 12/19/2022) |
| 12/19/2022 | | FORWARDED certified copy of Judgment (Sentencing Order) with Statement of Reasons to the Docketing Department of the U.S. Attorney's Office and the U.S. District Court's Fiscal Department as to Deny Mitrovich (ak, ) (Entered: 12/19/2022) |
| 01/02/2023 | 154 | NOTICE OF APPEAL by Deny Mitrovich regarding judgment,,, terminated defendant,,, set/clear flags,, 152 , memorandum opinion and order 114 Receipt number: Y (Glozman, Vadim) (Entered: 01/02/2023) |
| 01/02/2023 | 155 | DOCKETING statement by Deny Mitrovich regarding notice of appeal 154 (Glozman, Vadim) (Entered: 01/02/2023) |
| 01/02/2023 | 156 | MOTION by Deny Mitrovich to proceed IFP *on appeal* (Attachments: # 1 Affidavit) (Glozman, Vadim) (Entered: 01/02/2023) |
| 01/04/2023 | 157 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 154 . (rc, ) (Entered: 01/04/2023) |
| 01/04/2023 | 158 | Transmission of short record as to Deny Mitrovich to US Court of Appeals re notice of appeal 154 . (rc, ) (Entered: 01/04/2023) |