IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 23-1010 |
| | ) | |
| Plaintiff-Appellee, | ) | Appeal from the United States |
| | ) | District Court for the |
| v. | ) | Northern District of Illinois, |
| | ) | Eastern Division |
| DENY MITROVICH, | ) | Case No. 18 CR 789 |
| | ) | |
| Defendant-Appellant. | ) | Honorable Gary S. Feinerman |

**GOVERNMENT'S UNOPPOSED MOTION
FOR EXTENSION OF TIME**

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, pursuant to Federal Rule of Appellate Procedure 26 and Seventh Circuit Rule 26, moves this Court for a 30-day extension of time, to and including June 30, 2023, to file its brief in this case.

In support of this motion, the government incorporates the attached affidavit of Assistant United States Attorney Brian Kerwin.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:     s/ *Brian Kerwin*
        Brian Kerwin
        Assistant United States Attorney
        219 S. Dearborn St.
        Chicago, Illinois 60604
        (312) 886-1328

United States of America  )
                                 )
Northern District of Illinois  )

## AFFIDAVIT

Brian Kerwin, Assistant United States Attorney, deposes and states as follows:

1.    I am the Assistant United States Attorney who has been assigned to represent the government in *United States v. Deny Mitroich*, Appeal No. 23-1010. Currently, the government's brief is due May 31, 2023. This affidavit is submitted in support of a request that the time for filing the government's brief be extended 30 days, to and including June 30, 2023.

2.    On March 2, 2022, defendant Deny Mitrovich entered a conditional plea of guilty to one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). In pleading guilty, the defendant preserved his right to appeal the district court's Order of July 7, 2021, which denied the defendant's motion to dismiss the indictment or suppress evidence as a sanction for an alleged discovery violation. Specifically, the defendant's motion argued that foreign law enforcement authorities had discovered the defendant's computer's IP address through a cyber investigative technique that potentially amounted to a search within the meaning of the Fourth Amendments—and which ultimately led to the FBI's discovery of child pornography on the defendant's computer—and that the government's failure

1

to learn and disclose the details of that technique constituted a sanctionable violation of its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). On December 19, 2022, the defendant was sentenced to 84 months' imprisonment.

3.    The defendant's brief originally was due on February 16, 2023. After two extensions, the defendant filed his brief with this Court on May 1, 2023. In his brief, the defendant argues that the district court erred in ruling that he was not entitled to the details of foreign law enforcement's investigatory techniques and that, consequently, no discovery sanction was appropriate.

4.    The issue raised by the defendant necessitates a careful and full review of the record, including various filings in the defendant's criminal case—including separate but related motions to compel and for discovery sanctions—and the district court orders denying the defendant's motions. It likewise requires a comprehensive review of the relevant U.S. Supreme Court, Seventh Circuit, and other Circuits' case law governing the legal questions at issue.

5.    I am new to this case, having recently received this assignment. I did not handle the case in the district court and I am not yet familiar with either the facts or the legal issues involved. In view of my additional responsibilities as set forth below, I request a 30-day extension of time which

will allow me to fully review the record, research the legal issues raised by the defendant, and draft the government's response to the defendant's challenge.

6.     Before being assigned to the appeal in this matter, I was assigned to approximately eight active cases that are under indictment. My caseload in the district court is substantial. One of the indicted cases for which I am lead chair is *United States v. Cavillo*, et al. (16 CR 463), a case in which 34 defendants have been convicted of participating in a racketeering conspiracy, 14 of whom are still awaiting sentencing—four of whom are scheduled to be sentenced in the next three and a half weeks. Additionally, last week, I conducted a sentencing hearing in *United States v. Adair* (21 CR 755). And in another of my cases, *United States v. McDonald* (19 CR 578), a sentencing hearing is scheduled for June 12, 2023. Two of my other cases are set for trial this summer and require significant attention. In *United States v. Price* (19 CR 824), a two-day bench trial is scheduled for August 15, 2023. In *United States v. Zajac* (10 CR 376), a four-week jury trial is scheduled to begin August 29, 2023, and more than 50 witness are expected to testify. In addition to these indicted cases, I am assigned to multiple ongoing grand jury matters, one of which has required much of my time in the past several weeks and necessitates that I devote similar time in the coming weeks. Additionally, I am assigned to multiple appeals. On May 12, 2023, I filed the government-appellee's brief in

*United States v. John Orozco* (Appeal No. 19-2724). I also am editing the government-appellee's brief in *United States v. Shazariyah Hibbett* (Appeal No. 22-2715), due June 5, 2023. Within the past two weeks I also have spent significant time helping to prepare government counsel for oral argument in *United States v. Brian Stafford* (Appeal No. 22-2351), argued May 18, 2023; *United States v. Bruce Lee* (Appeal No. 22-1293 & 22-2138), argued May 18, 2023; and *United States v. Jackie Edwards* (Appeal No. 21-3114 & 21-3094), argued May 23, 2023.

7.    The defendant is in custody serving the 84-month imprisonment term imposed by the district court. Counsel for the defendant does not object to this motion.

8.    Oral argument has not been scheduled.

9.    This is the government's first request for an extension of time to file its brief in this case.

10.    This motion is not brought for the purpose of delay and I will give due diligence and priority to preparing the government's brief.

s/ Brian Kerwin
BRIAN KERWIN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2023, I electronically filed the foregoing Government's Unopposed Motion for Extension of Time with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Brian Kerwin
BRIAN KERWIN
Assistant United States Attorney
219 S. Dearborn St.
Chicago, Illinois 60604
(312) 886-1328
Brian.Kerwin@usdoj.gov